People of State of Illinois, Appellee, v. Huston R. Booth, Appellant.

Gen. No. 43,068.

Opinion filed October 23, 1944. Rehearing denied November 6, 1944. Released for publication November 6, 1944.

LAURENCE M. FINE, of Chicago, for appellant.

Thomas J. Courtney, State's Attorney, for appellee; Thomas P. Grant and John T. Gallagher, both of Chicago, of counsel.

Mr. Justice O'Connor delivered the opinion of the court.

An information was filed by leave of court against the defendant, Huston R. Booth, charging that without reasonable cause, he neglected and refused to maintain and provide for his daughter, Catherine, who was under the age of 18 years, and was then in destitute and necessitous circumstances. Afterward the cause was called for trial, the defendant, represented by counsel, entered a plea of not guilty and waived a jury, the court heard the evidence, found the defendant guilty as charged in the information of the "offense of neglecting to support his child in destitute circumstances" and he was ordered to pay $65 per month to Mabel Flick, who filed the information, for the use of the daughter, Catherine, for one year. Defendant appeals.

The substance of the evidence is that defendant, who was the father of Catherine, is an optometrist practicing his profession in Chicago since 1914. He and his wife were divorced while Catherine was a small child. At the time of the trial she was 15 years old. The mother remarried and died in December 1942. Counsel for defendant contend that the evidence shows that Catherine's mother left a substantial estate to her and that "defendant's income from his profession averages $135 per month out of which he contributed to Catherine's maintenance and support approximately $90 per month for the year 1942 and about $60 per month for the year 1943," until the time of his arrest in the instant case and that he bought Catherine a suit for $40 and a pair of shoes for $12, had her placed in a

private school "but fell behind in tuition, also fell behind in her board bill."

The evidence is further to the effect that Catherine's mother left an estate which went to Catherine and was being probated in the Probate court of Cook county. That Mrs. Mabel Flick, who filed the information is the guardian of the estate of Catherine and that Catherine was living at Mrs. Flick's home; that Mrs. Flick was furnishing funds for supplying Catherine with food, shelter and clothing and that the defendant father had contributed nothing for the support of Catherine since April 1, 1943, at which time Mrs. Flick took Catherine into her home.

The monthly gross rental of the property left to Catherine by her mother was $112.50, the improvements were dilapidated, required extensive repairs, one parcel of real estate was mortgaged for $1,500, of which $100 had to be paid yearly, and the net income from all the property would probably not exceed $400 per year.

The first point made by counsel for defendant in his brief is that "Upon conviction of the charge of contributing to the dependency and neglect of children under the statute an order imposing neither a fine nor imprisonment is erroneous," and paragraph 101 of chapter 38 of the Illinois Revised Statute of 1943 [Jones Ill. Stats. Ann. 37.085] is cited. Counsel for the People say that the proceeding in the instant case is not based on the statute as contended for by counsel for defendant but the authority for the judgment in the instant case is found in paragraphs 24 and 27, chapter 68, Illinois Revised Statutes 1943 [Jones Ill. Stats. Ann. 37.002, 37.005]. We think this contention must be sustained. The statute relied upon by counsel for defendant has to do with the punishment of a parent, etc., for contributing to the delinquency of a child

while paragraphs 24 and 27 referred to by counsel for the People have to do with a parent's negligence in supporting the child.

Paragraph 24 provides: "any person who shall, without lawful excuse, desert or neglect or refuse to provide for the support or maintenance of his or her child or children under the age of eighteen years, in destitute or necessitous circumstances, shall be deemed guilty of a misdemeanor and on conviction thereof shall be punished by a fine of not to exceed six hundred dollars or by imprisonment in the county jail, or house of correction or workhouse, not to exceed one year, or by both such fine and imprisonment." And paragraph 25 [Jones Ill. Stats. Ann. 37.003] provides that proceedings under paragraph 24 may be by indictment or information. By paragraph 27 it is provided that in the trial of such a case "after conviction, instead of imposing the penalty provided in this act, or in addition thereto the court in its discretion, having regard to the circumstances, and to the financial ability or earning capacity of the defendant, shall have the power to make an order, . . . [which may be changed from time to time by the court] directing the defendant to pay a certain sum periodically for a term not exceeding one year, . . . to the guardian or custodian of said minor child . . . or to an organization or individual approved by the court as trustee." This section authorized the court to enter the order or judgment requiring defendant to pay $65 per month for the support of Catherine. We think the evidence clearly shows that the daughter was in "necessitous circumstances" and that the defendant was able to pay.

The point made by counsel for the People, that the appeal should be dismissed for the reason that it was not perfected in accordance with the requirements of the statute, ought not to have been made by counsel for the reason that before the brief on behalf of the

People was filed, counsel for both parties appeared before the court and it was agreed that the motion theretofore made by the People to dismiss the appeal should be withdrawn and at the time, June 20, 1944, we entered an order on motion of the State's Attorney made in open court allowing his motion to withdraw the motion to dismiss.

The judgment of the Municipal court of Chicago is affirmed.

*Judgment affirmed.*

NIEMEYER, P. J., and MATCHETT, J., concur.